**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4075**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY LOHRI,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. John Preston Bailey, District Judge. (5:18-cr-00029-JPB-JPM-1)

Submitted: September 24, 2019                    Decided: September 26, 2019

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Diana Stavroulakis, Weirton, West Virginia, for Appellant. Shawn Michael Adkins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Lohri pled guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute and to possess with intent to distribute a controlled substance, 21 U.S.C. §§ 841(b)(1)(C), 846 (2012). Based on a total offense level of 29 and a criminal history category of IV, Lohri's advisory Guidelines range was 121 to 151 months' imprisonment; the district court sentenced Lohri to 121 months. On appeal, Lohri's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the substantive reasonableness of Lohri's sentence. Although advised of his right to file a supplemental pro se brief, Lohri has not done so. We affirm.

We review Lohri's sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). This court first reviews for significant procedural error, and if the sentence is free from such error, we then consider substantive reasonableness. *Id.* at 51. Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. *Id.* Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence is within the properly calculated Guidelines range, this court applies a presumption of reasonableness. *United States v. Strieper*, 666 F.3d 288, 295 (4th Cir. 2012). We have reviewed the record and find that Lohri's sentence is both procedurally and substantively reasonable. The district court properly calculated Lohri's advisory Guidelines range and adequately explained its reasons for rejecting his request for

2

a downward variance.  Moreover, Lohri cannot overcome the presumption of reasonableness accorded his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the record and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Lohri, in writing, of his right to petition the Supreme Court of the United States for further review.  If Lohri requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Lohri.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*